IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 25-cv-03904-GPG

BAHADER KHAN BAHER,

       Petitioner,

v.

TODD M. LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement;
GEORGE VALDEZ, in his official capacity as Field Office Director of the Denver Field Office of Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and
JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center,

       Respondents.

---

**ORDER**

---

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (D. 8). The Court GRANTS IN PART the petition for the following reasons. Because the briefing demonstrates that Petitioner Bahader Khan Baher's (Petitioner) challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

## I. FACTS

This civil action arises from Petitioner's detainment at Immigration and Customs Enforcement's (ICE) Denver Contract Detention Facility in Aurora, Colorado pending a

1

determination in his removal proceedings.[1]  Petitioner is a native and citizen of Afghanistan who entered the United States through the Afghan Special Immigrant Visa program on August 21, 2021 (D. 8 at 6).  Immigration and Customs Enforcement (ICE) granted him parole on September 8, 2021 (*id.*).  On March 13, 2024, ICE officers encountered Petitioner at the Maricopa County Jail in Arizona after he had been arrested for Child Sex Trafficking with a Minor Less than 15 Years Old (D. 20-1 at ¶ 8).  ICE officers determined Petitioner was subject to removal, and he was released into their custody (*id.*).  On March 20, 2025, an immigration judge (IJ) issued an order for Petitioner's removal to Afghanistan (*id.* at ¶ 14).  After the order of removal became final, ICE initiated requests to remove Petitioner to Afghanistan, China, Turkmenistan, and Tajikistan (*id.* at ¶¶ 16, 18).  ICE also reported working with the government of Qatar as an intermediary to obtain travel documentation for Afghanistan (*id.* at ¶ 25).  China, Turkmenistan, and Tajikistan have not responded to ICE's requests (*id.* at ¶ 18).

Petitioner has remained in ICE custody since March 2024 (D. 8 at 4).  Petitioner seeks a writ of habeas corpus granting his immediate release, arguing that this detention violates his constitutional right to due process (*id.* at 6–7).  Respondents filed a response to the petition on February 5, 2026 (D. 20), and Petitioner filed a reply on April 17, 2026 (D. 27).  On April 17, the Court granted Respondents the opportunity to file a surreply, if they wished to do so (D. 28), but Respondents did not file anything.  Respondent's last substantive filing, a Status Report lodged on

---

[1] The Court draws the operative facts as set forth in the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (D. 8) and the Declaration of Irma Quinones (D. 20-1).

April 8, 2026, indicated that "[a]t this time, Respondents have no additional information to report regarding their efforts to remove Petitioner" (D. 23 at 4).[2]

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.  ANALYSIS

In *Zadvydas v. Davis*, the United States Supreme Court held that the Immigration and Nationality Act (INA) does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal.  533 U.S. 678, 699 (2001).  "After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody."  *Id*. at 683 (citing 8 U.S.C. § 1231(a)(2)).  Thereafter, detention is discretionary.  *Id*. (citing 8 U.S.C. § 1231(a)(6)). After a "6–month period" of detention following an order of removal, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.  After *Zadvydas*, the Attorney General promulgated regulations providing procedures and standards to "'continue detention of particular removable aliens on account of special circumstances even though there is no significant likelihood that the alien will be removed in the

---

[2] It was specifically because of the qualifying language in the status report ("at this time") that the Court issued the unanswered invitation for Respondents to file a surreply (D. 28).

reasonably foreseeable future.'"  *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1242–43 (10th Cir. 2008) (quoting 8 C.F.R. § 241.14(a)).

Petitioner has presented sufficient evidence to indicate that Respondents are struggling to remove him from the country in the reasonably foreseeable future (*see* D. 27 at 4).  Petitioner has been in ICE custody since March 13, 2024 – 785 days.  In that time, ICE has seemingly struggled to effectuate his removal to his home country of Afghanistan or alternative countries such as China, Turkmenistan, or Tajikistan.  ICE initiated requests for travel documentation or "Acceptance of Alien" from each of these countries in April and May 2025 and has yet to receive any response one year later (D. 20-1 at ¶¶ 16, 18).  Respondents have not provided any indication as to the likelihood of success or failure of ICE's efforts to work with the government of Qatar as an intermediary for Petitioner's removal.

All of these facts cast doubt on the likelihood of success of ICE's efforts to remove Petitioner.  Or, put another way, this Court cannot say that there is a significant likelihood of Petitioner's removal in the foreseeable future.  The Court is cognizant of Petitioner's alleged criminal history (D. 8 at 6); however, criminal history is not relevant to the *Zadvydas* analysis.  As other courts in this Circuit have noted, "*Zadvydas* itself dealt with petitioners who had significant criminal records . . . which likely obstructed their prompt removal to a third country." *Jimenez Chacon v. Lyons*, No. 2:25-CV-977-DHU-KBM, 2025 WL 3496702, at *8 (D.N.M. Dec. 4, 2025). *See also Ahrach v. Baltazar*, No. 25-CV-03195-PAB, 2025 WL 3227529, at *5 (D. Colo. Nov. 19, 2025) (noting that "under *Zadvydas,* whether [petitioner] is a flight risk has no bearing on the constitutionality of her continued detention. One of the petitioners in *Zadvydas* had a history of flight from both criminal and deportation proceedings.").  But the Supreme Court in *Zadvydas* "did

not create a carveout for noncitizens with criminal records whose acceptance by a third country might be more difficult to secure." *Jimenez Chacon*, 2025 WL 3496702 at \*8. *See e.g., Mohamed Ali v. Baltazar,* No. 1:25-CV-03317-RBJ, 2026 WL 322565, at \*5 (D. Colo. Jan. 27, 2026) (holding that petitioner's continued detention violated *Zadvydas* despite his history of repeated criminal offenses).[3]

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 8) is GRANTED IN PART, to the extent Petitioner requests release from custody absent a significant likelihood of removal in the reasonably foreseeable future. Respondents are ORDERED to either effectuate Petitioner's removal from the United States or release Petitioner from custody within FORTY-FIVE DAYS of this Order.

DATED May 6, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

---

[3] 8 C.F.R. § 241.14(f) provides the appropriate procedure for ICE to initiate continued detention of "specially dangerous" individuals, including those who have "previously committed one or more crimes of violence as defined in 18 U.S.C. 16" and those for whom "[n]o conditions of release can reasonably be expected to ensure the safety of the public."